UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE ROYALTY NETWORK INC.,

                Plaintiff,

      v.

COLUMBIA RECORDING CORPORATION,
SONY BMG MUSIC ENTERTAINMENT,
individually and d/b/a SONY BMG SALES
ENTERPRISE, BEYONCE GISSELLE
KNOWLES, individually and d/b/a B-DAY
PUBLISHING, and EMI APRIL MUSIC, INC.,

                Defendants.
-----------------------------------------------------------X

Case No. 07 CV 3067 (RMB)

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

**ECF CASE**

Plaintiff, The Royalty Network Inc., by its attorney, Anthony Motta, as and for its complaint against the defendants, alleges the following:

### PARTIES

1. Plaintiff, The Royalty Network Inc., is a New York corporation with its principal place of business at 224 West 30th Street, Suite 1007, New York, New York 10001.

2. Pursuant to the Sub Publishing/Collection Agreement (the "Agreement") entered into on July 21, 2004 by plaintiff and Westbury Music Limited ("Westbury"), plaintiff administers, in North America, the publishing copyrights of Westbury.

3. Westbury administers the publishing copyrights of certain works of Timothy Atack ("Atack") t/a Love Lane Music (UK) including the publishing copyright in and to the musical composition entitled "I'm Kissing You" (the "Infringed Work"). Atack is a co-writer of the Infringed Work together with the performer Desree Weeks, each having a 50% interest in the copyright in the musical composition.

4. Pursuant to the Agreement plaintiff, through Westbury, administers certain publishing copyrights of Atack in North America including Atack's and Westbury's interests in "I'm Kissing You".

5. The Agreement provides that plaintiff has the authority to sue in its own name and "to do and carry out whatever may serve [Westbury's] interests" provided that Westbury give plaintiff written authorization to do so.

6. In conformity with the Agreement, Westbury has given plaintiff full authorization to commence an action, on its behalf, in this matter.

7. Upon information and belief, the Defendant, Columbia Recording Corporation ("Columbia"), is a corporation incorporated in the State of New York with its principal place of business in the State and City of New York.

8. Upon information and belief, Columbia is a record company that oversees the musical productions embodied upon and manufactures, promotes and causes to have distributed, phonorecords that feature multiple master recordings and the underlying song writing copyrights embodied thereon.

9. Upon information and belief, the Defendant, Sony BMG Music Entertainment ("Sony") is a Delaware general partnership authorized to do business in the State of New York with its principal place of business in the State and City of New York.

10. Upon information and belief, Sony is a record company that oversees the musical productions embodied upon and manufactures, promotes and causes to have distributed, phonorecords that feature multiple master recordings and the underlying songwriting copyrights embodied thereon.

11. Upon information and belief, Columbia and/or Sony is the record company involved in the production, manufacture, promotion, marketing and distribution of a phonorecord entitled *"B'Day Deluxe Edition"* (the "Album") and of a phonorecord with accompanying DVD entitled *"B'Day Deluxe Edition/DVD Video Anthology"* (the "Enhanced Album").

12. Upon information and belief, Sony BMG Sales Enterprises ("SBSE") is an unincorporated division of Sony with its principal place of business in the State and City of New York.

13. SBSE makes available throughout the world and is a distributor throughout North America of music in a number of formats including DVD and video, Compact Disk, cassette tape and digital formats and distributes audio and video releases from, among others, Columbia Records, Sony, Epic Records, Legacy Recordings, Sony Classical, Sony Nashville and the Zomba Label Group which includes Jive Records, LaFace Records, SoSo Def Records, Volcano Records and Verity Records.

14. Upon information and belief, at all times herein relevant, SBSE has acted as a distributor for Columbia and/or Sony and commencing on or about April 3, 2007, Columbia and/or Sony and SBSE caused to have produced, manufactured, distributed and made available throughout the world the Album and Enhanced Album featuring the song," Still In Love (Kissing You)" (the "Infringing Work") and produced and disseminated a music video of the Infringing Work (the "Video") currently airing in rotation over the VH-1 and MTV Cable Networks, available for viewing worldwide on a number of Internet web sites, and embodied upon a DVD being sold as part of the Enhanced Album.

15. Upon information and belief, the Defendant, Beyonce Gisselle Knowles

("Knowles"), is a resident of the State of New York.

16. Knowles is a Rhythm and Blues artist and the performer of the Infringing Work.

17. At all times relevant, Knowles has purported to co-publish the Infringing Work under the name: B-Day Music.

18. Upon information and belief, the Defendant, EMI April Music, Inc. ("EMI") is a Connecticut corporation with its principal place of business in New York, New York.

19. Upon information and belief, EMI is a music publisher that represents the copyrights of musical compositions and songwriters and at all times herein relevant has purported to administer and co-publish the Infringing Work.

## JURISDICTION

20. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338.

## VENUE

21. Venue of this case is proper in this district pursuant to 28 U.S.C. §§1391(b) and 1400.

## BACKGROUND FACTS

22. In creating and recording the Infringing Work Knowles has used the music, re-titled and added additional lyrics to the Infringed Work in violation of plaintiff's exclusive right to create a derivative work, under Section 106(2) of the Act.

23. The Infringed Work was part of the sound track of the motion picture entitled *William Shakespeare's Romeo and Juliet* released in the United States in 1996 and was included in a sound track album also released in 1996.

24. As shown below, at all times relevant, defendants were aware that they needed to obtain a written license from the publishers of the Infringed Work:

    a) On February 13, 2007 DMG Clearances Inc., on behalf of the defendants, sent an e-mail to plaintiff requesting a clearance to permit Knowles to use "interpolations" of the Infringed Work in the Infringing Work.

    b) After an exchange of correspondence between plaintiff and DMG, on March 3 at 2007 DMG sent a "confirmation letter and license request" to the attorneys for plaintiff, Epstein Levinsohn Bodine & Weinstein ("Epstein Levinsohn"), for its review.

    c) In response, on March 5, 2007 (a full month before Defendants Columbia, Sony and SBSE released the Album and the Enhanced Album), Epstein Levinsohn sent a counterproposal to DMG, and at DMG's request, sent it on for review to Knowles' attorneys, Goldring, Hertz, Liechtenstein, & Haft. The counterproposal set forth specific, narrow rights and limitations upon which plaintiff was willing to grant a license. For example, under the heading "Rights", the counterproposal stated "Mechanical rights for Album, only…No audiovisual rights are granted." The counterproposal also specifically provided that the territory of the license would be "United States, only", and that the specific title of the licensed composition was limited to the title of the Infringed Work (i.e., "I'm Kissing You").

25. Despite follow-ups by Epstein Levinsohn, at no time did plaintiff or Epstein Levinsohn receive a substantive response from Knowles's attorney or any of the defendants to plaintiff's counterproposal.

26. In or about March 27, 2007 plaintiff learned that defendants intended to proceed with the release of the Album and Enhanced Album containing the Infringing Work.

27. On March 27, 2007 Epstein Levinsohn sent a letter to Knowles' attorney and to Sony stating in part as follows:

> "It has come to our attention that Sony may be preparing to distribute the Album containing the Composition under the title "Still In Love (Kissing You)". This is completely unacceptable to TRN. First, no agreement has been reached in connection with the embodiment of the Composition on the Album, and Sony has no right to proceed with the exploitation of the Album absent an agreement. Second, the re-titling of the Composition puts TRN at risk for claims from more than one third party, and this is a risk that Artist and Sony were or should have been aware of in light of the circumstances surrounding the discussions relating to this potential license. **TRN hereby demands that**

5

**Sony cease and desist from any distribution or other exploitation of the Album to the extent the Album contains the Composition under any title other than as previously released or under any terms other than as set forth in the Draft Agreement."** (emphasis in original)

28.  On April 3, 2007, Defendants Columbia, Sony and SBSE released the Album and the Enhanced Album in willful disregard of the express rights limitations set forth in plaintiff's proposed license, and despite having been put on notice of plaintiff's position through Epstein Levinsohn's cease and desist letter.

29.  On April 3, 2007 Epstein Levinsohn sent to Knowles' attorney and to Sony a letter stating in part as follows:

> "I refer to Mark Levinsohn's letter to you dated March 27, 2007 in connection with the above matter. Terms used in this letter have meanings set forth in that letter. It appears that Sony has proceeded to release the Album, with the re-titled Composition. In essence, your client and Sony have ignored Mr. Levinsohn's letter. As a matter of formality, any offer by my client to license the Composition to Sony for embodiment on the Album is withdrawn."

30.  On April 6, 2007 Epstein Levinsohn sent to Knowles' attorney and to Sony an e-mail stating in part as follows:

> "Apparently, there is a video of the re-titled composition currently airing on VH-1 and MTV. This video is also available as part of a DVD "Video Anthology" being sold at Wal-Mart with the album. These are blatant violations of the terms (now withdrawn) on which my client previously considered granting a license (the withdrawn offer expressly stated that "no audiovisual rights are granted"). In addition we must assume that the video is airing outside the United States, which is also a violation of a key condition for any license that might have been granted. In addition to the demands set forth in the previous correspondence, demand is hereby made that the artist, Sony and its distributors cease and desist from all exploitation of this infringing video."

## CLAIM FOR COPYRIGHT INFRINGEMENT

31.  This is an action for damages, declaratory relief, and permanent injunctive relief and is brought by Plaintiff, pursuant to the Copyright Act and Copyright Revision Act, 17 U.S.C. §101, *et seq.* (the "Act")

32. Plaintiff has complied with all laws pertinent to the Infringed Work as a copyrighted work and a copyright in the musical composition of the Infringed Work has been registered with the U.S. Copyright Office on April 2, 2007. (A copy of the copyright registration is attached as Exhibit 1.)

33. Upon information and belief Defendants are the creator, performer, purported publishers, purported administrator, label, and distributor of the Infringing Work and have infringed the copyright in the Infringed Work in a number of ways including the following: (a) by substantial copying and public performances and by authorizing the copying and public performances; (b) the manufacture, distribution and sale (and/or authorizing others to do so) of the Album and the Infringing Work; (c) authorizing and/or licensing The Infringing Work for digital download; (d) by publishing and/or administering the Infringing Work and commercially exploiting the Infringing Work; (e) by causing and/or materially contributing and/or by substantially participating in and furthering the abovementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of the Infringed Work in and as part of the Infringing Work contained on the Album, Enhanced Album and Video. Further, such Defendants had the obligation, right, and ability to supervise such infringing activity but allowed the infringement to occur, and they had an obvious and direct financial interest in exploiting the copyrighted materials as set forth above. Accordingly, Defendants are liable for direct, contributory and vicarious infringement.

34. Upon information and belief, the Defendants have received or will receive advances, royalties and other payments for sale of the Album containing the Infringing Work, have received or will receive advances, royalties and other payments for the inclusion of the Infringing Work in

print editions of sheet music, have received or will receive synchronization royalties for use of the Infringing Work in audiovisual works and have received or will receive public performance royalties from performances of the Infringing Work, among other revenues sources known only to Defendants, without accounting for and remitting the appropriate amount of such royalties to plaintiff or providing for appropriate copyright interest of Atack and Weeks in the Infringing Work. Upon information and belief, Defendant publishers have received royalties for the licensing of the infringing work for digital downloads.

35. By reason of the infringement and threatened infringement of the Defendants, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its rights in the Infringed Work.

36. Further irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without adequate remedy at law. Plaintiff is entitled to an injunction restraining defendants, its officers, directors, agents, employees and representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

37. Plaintiff is further entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the monetary damage Plaintiff has suffered by reason of Defendants' acts of copyright infringement but believes such damages exceed $150,000.

38. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages it obtained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their acts of copyright infringement, but Plaintiff is informed and believes

that Defendants have obtained such gains, profits, and advantages in an amount exceeding $150,000.

39. Alternatively, pursuant to 17 U.S.C. Section 504, Plaintiff is entitled to statutory damages of not less than $750 nor more than $30,000 for each infringement and in the event the court finds the infringement was committed willfully, for statutory damages not exceeding $150,000 for each infringement.

**WHEREFORE**, Plaintiff demands judgment as follows:

a) That Defendants be found liable for direct, contributory and/or vicarious copyright infringement.

b) That Defendants be ordered to submit to an accounting so that all gains, sales, profits and advantages derived by Defendants from each of their acts, may be determined.

c) For a preliminary and permanent injunction enjoining defendants and all persons acting in concert with them from copying, reproducing, performing, manufacturing, promoting, advertising and distributing the Infringing Work, or performing any materials that are substantially similar to the Infringing Work, for the recall of all copies of the Infringing Work from distributors and retailers, and to deliver to the Court for destruction or other reasonable disposition all such material and means for producing the Infringing Work in Defendants' possession or control.

d) For actual damages and Defendants' profits in an amount in excess of $150,000 to be determined at trial, or alternatively, for statutory damages pursuant to 17 U.S.C. Section 504, plus interest.

e) For declaratory judgment that Atack and Weeks own the copyright in the Infringing

Work, "Still In Love (Kissing You)", and are entitled to royalties, including digital download royalties, based on such percentages or, in the alternative, that the Court declare their ownership interest in such work and order appropriate payment based on such ownership interest.

d) For its reasonable attorney's fees and costs.

e) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 16, 2007.

ANTHONY MOTTA (AM-1648)
Attorney for Plaintiff
50 Broadway, Suite 2202
New York, N.Y. 10004
Tel: (212) 791-7360
Fax: (212) 791-7468

Case 1:07-cv-03067-RMB    Document 1    Filed 04/16/2007    Page 11 of 13

Form PA
For a Work of Performing Arts
UNITED STATES COPYRIGHT OFFICE

PA 1-367-135

EFFECTIVE DATE OF REGISTRATION: 4 / 2 / 07

**1. TITLE OF THIS WORK:** I'M KISSING YOU

PREVIOUS OR ALTERNATIVE TITLES:

NATURE OF THIS WORK: WORDS & LYRICS

**2a. NAME OF AUTHOR:** TIM ATACK
- Year Born: 1959
- Work made for hire? No
- Citizen of: UK / Domiciled in: UK
- Anonymous? No  Pseudonymous? No
- NATURE OF AUTHORSHIP: WORDS & MUSIC

**2b. NAME OF AUTHOR:** DES'REE WEEKES
- Work made for hire? No
- Citizen of: UK / Domiciled in: UK
- Anonymous? No  Pseudonymous? No
- NATURE OF AUTHORSHIP: WORDS & MUSIC

**2c. NAME OF AUTHOR:** (blank)

**3a. YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED:** 1996
**3b. DATE AND NATION OF FIRST PUBLICATION:** Oct. 29, 1996, USA

**4a. COPYRIGHT CLAIMANT(S):** WESTBURY MUSIC LIMITED
C/O THE ROYALTY NETWORK
224 W. 30th ST, STE 1007
NEW YORK, NY 10001

APPLICATION RECEIVED: APR - 2 2007
ONE DEPOSIT RECEIVED

**4b. TRANSFER:** CONTRACTUAL AGREEMENT

Page 1 of 2 pages

PERFORMING ARTS

☑ 003

EXAMINED BY HEC

CHECKED BY

*Amended by C.O. per 4/5/07 email from Renato Olivari on behalf of The Royalty Network.

CORRESPONDENCE
☒ Yes

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ If your answer is No, do not check box A, B, or C.

a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼      Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

a

**6**

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                          Account Number ▼

a

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

c/o THE ROYALTY NETWORK / FRANK LIWALL / 224 W. 30th STREET/ STE. 1007 / NY/NY 10001

b

Area code and daytime telephone number (212) 967-4300    Fax number (212) 967-3477
Email

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of WESTBURY MUSIC LTD
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

FRANK LIWALL                             Date 3/28/07

Handwritten signature (X) ▼
X _[signature]_

Certificate will be mailed in window envelope to this address:

Name ▼
THE ROYALTY NETWORK
Number/Street/Apt ▼
224 W. 30th ST, STE. 1007
City/State/ZIP ▼
NY, NY 10001

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: January 2004—30,000  Web Rev: January 2004  ⊕ Printed on recycled paper                          U.S. Government Printing Office: 2004-304-457/60,025