STUMPF CRADDOCK
MASSEY FARRIMOND
Henry J. Fasthoff, IV
(NY Registration No. 4449419)
Admitted *Pro Hac Vice*
1400 Post Oak Blvd., 4th Floor
Houston, Texas 77056
713-871-0919

DAVIS & GILBERT LLP
Marc J. Rachman (MR 4094)
Ina B. Scher (IS 2841)
1740 Broadway
New York, New York 10019
(212) 468-4800

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THE ROYALTY NETWORK INC.,

|  |  |
|---|---|
| Plaintiff, | Case No. 07-CV-3067 (RMB) |
| v. | |
| COLUMBIA RECORDING CORPORATION, | **ANSWER OF BEYONCÉ** |
| SONY BMG MUSIC ENTERTAINMENT, | **KNOWLES, SONY BMG** |
| Individually and d/b/a SONY BMG SALES | **MUSIC ENTERTAINMENT** |
| ENTERPRISE, BEYONCÉ GISSELLE | **AND EMI APRIL MUSIC, INC.** |
| KNOWLES, individually and d/b/a B-DAY | |
| PUBLISHING, and EMI APRIL MUSIC, INC., | **ECF CASE** |
| Defendants. | |

------------------------------------------------------X

Defendants Beyoncé Knowles ("Knowles"); Sony BMG Music Entertainment ("Sony

BMG"), incorrectly sued as Columbia Recording Corporation; and EMI April Music, Inc. ("EMI"),

file their Answer to the First Amended Complaint of The Royalty Network, Inc. ("TRN") as follows:

# I. **PARTIES**

1.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 1 of the Plaintiff's First Amended Complaint (the "Complaint").

2.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 2 of the Complaint.

3.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 3 of the Complaint.

4.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 4 of the Complaint.

5.      The allegations in ¶ 5 do not call for an admission or denial from Defendants, but instead merely state a legal conclusion.  Defendants admit that the language quoted appears in a document submitted to the Court as an exhibit.

6.      EMI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 6 of the Complaint.  Knowles and Sony BMG admit that Westbury has sent a letter purporting to authorize Plaintiff to commence an action on its behalf as alleged in ¶ 6 of the Complaint.

7.      Sony BMG denies the allegations in ¶ 7 of the Complaint.

8.      Sony BMG denies the allegations in ¶ 8 of the Complaint.

9.      Sony BMG denies that it is a Delaware general partnership as alleged in ¶ 9 of the Complaint, but admits that its principal place of business is in New York, New York.

10.     Sony BMG admits the allegations in ¶ 10 of the Complaint.

11.     Sony BMG admits the allegations in ¶ 11 of the Complaint, but denies the allegations as to Columbia.

12.     Sony BMG admits the allegations in ¶ 12 of the Complaint.

13.     Sony BMG denies the allegation in ¶ 13 of the Complaint insofar as they are made against SBSE, an unincorporated operating division, but admits the allegations insofar as they are made against Sony BMG.

14.     Sony BMG denies the allegation in ¶ 14 of the Complaint insofar as they are made against Columbia and SBSE, but admits the allegations insofar as they are made against Sony BMG; except that it (i) denies that the music video was "produced" by Sony BMG, (ii) denies that the music video is currently airing in rotation on VH-1 and/or MTV, and (iii) denies that the work entitled "Still In Love (Kissing You)" (the "Work") is "being sold" as alleged.  Sony BMG further states that there is currently no authorized exploitation of the Work.  Defendants further disagree with TRN's characterization of the Work as the "Infringed Work."   Defendants maintain such disagreement throughout this Answer.

15.     Knowles admits the allegations in ¶ 15 of the Complaint.

16.     Knowles admits the allegations in ¶ 16 of the Complaint and states that she writes and performs other styles of music.

17.     Knowles denies the allegations in ¶ 17 of the Complaint.

18.     EMI admits the allegations in ¶ 18 of the Complaint.

19.     EMI admits that it is a music publisher but denies that it has claimed any rights in or to the Work as alleged in ¶ 19 of the Complaint.

## II.  JURISDICTION

20.    The allegations do not call for an admission or denial from Defendants.  Defendants admit that subject matter jurisdiction of copyright claims arises under 28 U.S.C. §§ 1331 and 1338.

## III.  VENUE

21.    Defendants admit the allegations in ¶ 21 of the Complaint.

## IV.  ALLEGED BACKGROUND FACTS

22.    EMI is without sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 22 of the Complaint.  The allegations in ¶ 22 do not call for an admission from Sony BMG.  Knowles admits that she re-recorded "I'm Kissing You," re-titled the composition, and added lyrics to the composition, but is at this time without sufficient information or knowledge to form a belief as to the truth of the alleged legal conclusions stated in ¶ 22 of the Complaint, except that Knowles denies that re-titling a work can give rise to liability under the Copyright Act.

23.    Sony BMG admits the allegations in ¶ 23 of the Complaint.  Knowles and EMI are without sufficient knowledge or information to form a belief as to the truth of the allegations.

24.    EMI denies the allegations in ¶ 24 of the Complaint.  Knowles admits that a license was being negotiated to document the re-recording of TRN's song.  Knowles and Sony are without sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 24(a), admit the allegations in ¶ 24(b), and admit the allegations in ¶ 24(c), but disagree with TRN's characterizations of the allegations.

25.    EMI is without sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 25 of the Complaint.  Knowles and Sony BMG deny the allegations.

26.     Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 26 of the Complaint.

27.     EMI is without sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 27 of the Complaint.  Knowles and Sony BMG admit that TRN accurately reproduces the contents of the March 27, 2007 letter.

28.     EMI is without sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 28 of the Complaint.  Knowles and Sony BMG admit that the album was released by Sony BMG but deny that it was released in willful disregard of TRN's alleged rights.  Sony BMG further denies that the album was released by Columbia or SBSE.

29.     EMI is without sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 29 of the Complaint.  Knowles and Sony BMG admit that TRN accurately reproduces the contents of the April 3, 2007 letter.

30.     EMI is without sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 30 of the Complaint.  Knowles and Sony BMG admit that TRN accurately reproduces the contents of the April 6, 2007 letter.

## V.  CLAIM FOR COPYRIGHT INFRINGEMENT

31.     The allegations do not call for an admission or denial from Defendants, but Defendants admit that TRN states the relief it seeks.

32.     Defendants deny the allegations in ¶ 32 of the Complaint.

33.     EMI denies the allegations in ¶ 33 of the Complaint.  Knowles admits that she performed the Work and states that believed that a license had been or would be obtained.  Knowles denies that she is the creator, publisher, administrator, or distributor of the Work.  Knowles denies

5

that she is a record label.  Knowles denies publicly performing the Work.  Knowles denies manufacturing, distributing and/or selling albums, videos and/or licensing the Work for digital downloads.  Knowles denies publishing and/or administering TRN's work.  Knowles and Sony BMG admit that TRN's work was re-recorded.  Sony BMG denies that it is the creator, performer, publisher or administrator of the Work.  Sony BMG denies authorizing the copying and/or public performance of TRN's work and denies publicly performing the Work.  Sony BMG denies that it had the obligation to supervise the alleged infringing activity.  Knowles and Sony BMG assert the defenses to liability set forth below.

34.    EMI denies the allegations in ¶ 34 of the Complaint.  Knowles and Sony BMG admit that they have received or are entitled to receive compensation in connection with the albums, DVD, and/or downloads, but deny that they have received or are entitled to receive compensation in connection with print editions of sheet music and/or public performances of the Work.  Knowles and Sony BMG admit that an accounting has not been made to rights holders in TRN's work, but state that they have attempted to take the steps equivalent to an accounting.

35.    Defendants deny the allegations in ¶ 35 of the Complaint.

36.    Defendants deny the allegations in ¶ 36 of the Complaint.

37.    Defendants deny the allegations in ¶ 37 of the Complaint.

38.    Defendants deny the allegations in ¶ 38 of the Complaint.

39.    Defendants deny the allegations in ¶ 39 of the Complaint.

40.    Defendants deny the allegations in ¶ 40 of the Complaint.

## VII.  **JURY DEMAND**

41.     Defendants demand a trial by jury.

## VI.  **AFFIRMATIVE DEFENSES**

42.     Defendants alleged that TRN fails to state a claim upon which relief may be granted.

43.     Defendants allege that all necessary parties have not been joined under Rule 19 and that the Complaint should be dismissed if the co-owners of the rights in and to TRN's work are not joined because Defendants are subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

44.     Defendants allege innocent infringement.

45.     Defendants allege license, detrimental reliance, industry custom, quasi-contract, and equitable estoppel as defenses.

46.     Defendants allege that TRN's request for punitive damages is preempted by 17 U.S.C. § 301.

47.     Defendants allege unclean hands of TRN as a defense.

48.     Defendants allege that TRN's failure to comply with 17 U.S.C. § 412 precludes the recovery of statutory damages and attorney's fees.

WHEREFORE, Defendants respectfully request that Plaintiff be granted a take-nothing judgment, and that all costs and attorney's fees be awarded to Defendants under 17 U.S.C. § 505 and all other applicable rules of law and equity, and that the Court grant to Defendants all other relief to which they may be entitled.

Respectfully submitted,

STUMPF CRADDOCK MASSEY FARRIMOND


By :    /s/ Henry J. Fasthoff, IV
        Henry J. Fasthoff, IV
        (NY Registration No. 4449419)
        Admitted *Pro Hac Vice*
        1400 Post Oak Blvd., 4th Floor
        Houston, Texas 77056
        713-871-0919
        *Lead Counsel for Beyoncé Knowles; Sony BMG Music Entertainment, incorrectly sued as Columbia Recording Corporation and Sony BMG Sales Enterprise; and EMI April Music, Inc.*


DAVIS & GILBERT LLP


By :_____
        Marc J. Rachman (MR 4094)
        Ina B. Scher (IS 2841)
        1740 Broadway
        New York, New York 10019
        (212) 468-4800
        *Local Counsel for Beyoncé Knowles; Sony BMG Music Entertainment, incorrectly sued as Columbia Recording Corporation and Sony BMG Sales Enterprise; and EMI April Music, Inc.*

8